UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JENNIFER M. WEESE,

|  | | **DECISION** |
|---|---|---|
| | Plaintiff, | **and** |
| v. | | **ORDER** |

ANDREW M. SAUL,[1] Commissioner of           **18-CV-493F**
  Social Security,                                    **(consent)**

                                     Defendant.

_____

APPEARANCES:            LAW OFFICES OF KENNETH R. HILLER, PLLC
                             Attorneys for Plaintiff
                             KENNETH R. HILLER, and
                             TIMOTHY HILLER, of Counsel
                             6000 North Bailey Avenue, Suite 1A
                             Amherst, New York  14226

                             JAMES P. KENNEDY, JR.
                             UNITED STATES ATTORNEY
                             Attorney for Defendant
                             Federal Centre
                             138 Delaware Avenue
                             Buffalo, New York  14202
                                     and
                             VERNON NORWOOD,
                             Special Assistant United States Attorneys, of Counsel
                             Social Security Administration
                             Office of General Counsel
                             26 Federal Plaza – Room 3904
                             New York, New York  10278
                                     and
                             MICHAEL ARLEN THOMAS, and
                             LAURA RIDGELL BOLTZ,
                             Special Assistant United States Attorneys, of Counsel
                             Social Security Administration
                             Office of General Counsel
                             1961 Stout Street, Suite 4169
                             Denver, Colorado  80294

---

[1] Andrew M. Saul became Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On August 5, 2020, this matter was reassigned to the undersigned before whom

the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in

accordance with this court's June 29, 2018 Standing Order (Dkt. 15).  The matter is

presently before the court on Plaintiff's motion for approval of attorney fees under 42

U.S.C. § 406(b), filed November 17, 2020 (Dkt. 18).

## BACKGROUND

On May 1, 2018, Plaintiff commenced this action pursuant to Title II and XVI of

the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial

review of the Commissioner of Social Security's final decision denying Plaintiff's

applications filed with the Social Security Administration ("SSA"), on January 13, 2010,

for Social Security Disability Insurance under Title II of the Act ("SSDI") and

Supplemental Security Income under Title XVI of the Act ("SSI") (together, "disability

benefits").  Plaintiff prevailed on her claims on August 19, 2020, when this court entered

judgement in Plaintiff's favor, remanding the matter to the Commissioner solely for

calculation of benefits.  On November 17, 2020, Plaintiff filed the instant motion (Dkt.

18) ("Plaintiff's motion"), seeking an award of attorney's fees in the amount of $

5,581.53 to be paid by Defendant pursuant to the Equal Access to Justice Act ("EAJA"

or "the Act"), 28 U.S.C. § 2412 (§ 2412(__)"), and attaching the Declaration of Timothy

Hiller, Esq. in Support of Plaintiff's Application for Attorney's Fees (Dkt. 18-1) ("Hiller

Declaration"), and the Memorandum In Support of Plaintiff's Application for Attorney's

Fees Pursuant to the Equal Access to Justice Act (Dkt. 18-2) ("Plaintiff's

Memorandum").  By Text Order entered November 17, 2020 (Dkt. 19), Defendant was

to file a response but, to date, has not done so.

**DISCUSSION**

EAJA attorney's fees and costs are awardable to any party prevailing against the

government, provided the government's position was not "substantially justified or that

special circumstances make any award unjust."  28 U.S.C. § 2412(d)(1)(A).[2]  Here,

Defendant has not opposed the motion for attorney fees, nor provided any argument to

satisfy its burden of showing substantial justification for such position were it asserted.

*See Eames v. Bowen*, 864 F.2d 251, 252 (2d Cir. 1988) ("The burden is on the

Government to show that its position was substantially justified." (citing *Cohen v.

Bowen*, 837 F.2d 582, 585 (2d Cir. 1988))).  Further, nothing in the record establishes

any "special circumstances" making an award of attorney's fees unjust.  28 U.S.C.

2412(d)(1)(A).  Nevertheless, that the Commissioner does not oppose Plaintiff's motion

does not relieve the court of its obligation to determine whether the amount requested

for attorney's fees is reasonable.  *See Pribek v. Secretary, Department of Health and

Human Services*, 717 F.Supp. 73, 75 (W.D.N.Y. 1989) ("the determination of a

reasonable fee under the EAJA is for the court rather than the parties by way of

stipulation").

---

[2] Attorney fees may also be recovered pursuant to 42 U.S.C. § 406(b) ("§ 406(b)"), with the amount of fees recovered limited to 25% of the past-due benefits awarded to the Plaintiff, from which amount the fees are paid.  The court expresses no opinion as to whether an award of attorney fees pursuant to § 2412(d)(1)(A) prevents a future award of attorney fees pursuant to § 406(b), albeit with Plaintiff's attorney required to remit the earlier amount to the Plaintiff.  *See Wells v. Bowen*, 855 F.2d 37, 41-43 (2d Cir. 1988) (finding "Congress clearly intended the two statutes to work in conjunction and that dual fee applications are not improper as long as the lesser of any two amounts awarded goes to the attorney's client.").

In support of Plaintiff's motion, Mr. Hiller details expending 26.7 hours[3] in this

matter, and advising he seeks reimbursement at the hourly rate of $ 209.05 for a total

award of $ 5,581.53.[4]   Included in these hours is 1.5 hours spent preparing the instant

motion for attorney's fees which is permitted under the EAJA.  *See Trichilo v. Secretary*

*of Health and Human Services*, 823 F.2d 702, 707-08 (2d Cir. 1987) (permitting

recovery of attorney's fees incurred in connection with time expended seeking such fees

under the EAJA).  The 26.7 hours Mr. Hiller claims to have worked on the instant matter

are reasonable.  *See Pribek*, 717 F.Supp. at 75-76 (rejecting plaintiff's attorney's claim

of 90 hours in favor of 40 hours as "a reasonable expenditure of time on a case of this

sort, which is unextraordinary in all respects.").

Further, the hourly rate of $ 209.05 is reasonable.  Although 28 U.S.C. §

2412(d)(2)(A) provides that "attorney fees shall not be awarded in excess of $ 125 per

hour unless the court determines that an increase in the cost of living or a special factor,

such as the limited availability of qualified attorneys for the proceeding involved, justifies

a higher fee," the hourly rate is adjusted to account for inflation as determined by the

Consumer Price Index ("CPI").  *See Isaacs v. Astrue*, 2009 WL 1748706, at * 3

(W.D.N.Y. 2009) ("The current statutory cap of $ 125 per hour took effect in 1996, and

the Court may revise it upward to reflect inflation as determined by the Consumer Price

Index." (citing cases)).  Mr. Hiller urges the court adjust this hourly rate for the historical

CPI of 155.7 in March of 1996 (when $ 125 was established as the hourly rate), and the

---

[3] Based on the time records submitted in Hiller's Declaration, the court's calculation of the number of
hours Mr. Hiller expended in pursuing the matter in this court is 28.8 hours.  Mr. Hiller does not explain
why he does not seek reimbursement for the additional 2.1 hours.
[4] The court's calculation yields $ 5,581.64.

present CPI of 260.388 as of the filing of Plaintiff's motion.  Plaintiff's Memorandum at 4.

Such adjustment yields an hourly rate of $ 209.05, which the court finds appropriate.

Multiplying the 26.7 hours Plaintiffs asserts spending on this matter by the hourly

rate of $ 209.05 yields $ 5,581.53 in attorney fees, an amount the court finds

reasonable.  Furthermore, attached to Plaintiff's motion is a copy of the Fee Agreement

between the Law Offices of Kenneth R. Hiller, PLLC (Dkt. 18-3), and Plaintiff in which

Plaintiff assigned her right to any fees award to her counsel, in accordance with

Plaintiff's right provided such assignment is not opposed by Defendant.  *See Frost v.*

*Comm'r of Social Security*, 2020 WL 7253345, at * 2 (W.D.N.Y. Dec. 10, 2020) (citing

*Kerr for Kerr v. Comm'r of Social Security*, 874 F.3d 926, 937 (6th Cir.  2017)).  As

stated, Defendant has not responded in opposition to Plaintiff's motion and, as such,

does not oppose the relief therein requested.


## **CONCLUSION**

Based on the foregoing, Plaintiff's unopposed motion for attorney fees under 28

U.S.C. § 2412(d)(1)(A) (Dkt. 18) is GRANTED; Plaintiff is awarded $ 5,581.53 in fees.


SO ORDERED.

*Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      December 22nd, 2020
            Buffalo, New York