UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER W.,

                    Plaintiff,

      v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                    Defendant.
_____

**DECISION
and
ORDER**

**18-CV-493F**
(**consent**)

APPEARANCES:            LAW OFFICES OF KENNETH R. HILLER, PLLC
                                Attorneys for Plaintiff
                                KENNETH R. HILLER, and
                                TIMOTHY HILLER, of Counsel
                                6000 North Bailey Avenue, Suite 1A
                                Amherst, New York  14226

                                JAMES P. KENNEDY, JR.
                                UNITED STATES ATTORNEY
                                Attorney for Defendant
                                Federal Centre
                                138 Delaware Avenue
                                Buffalo, New York  14202
                                        and
                                VERNON NORWOOD
                                Special Assistant United States Attorney, of Counsel
                                Social Security Administration
                                Office of General Counsel
                                26 Federal Plaza, Room 3904
                                New York, New York  10278
                                       and
                                MICHAEL ARLEN THOMAS and
                                RICHARD W. PRUETT
                                Special Assistant United States Attorneys, of Counsel
                                Social Security Administration
                                Office of General Counsel
                                1961 Stout Street, Suite 4169
                                Denver, Colorado  80294

---

[1] Andrew M. Saul became Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On August 5, 2020, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 15). The matter is presently before the court on Plaintiff's counsel's motion for approval of attorney fees under 42 U.S.C. § 406(b), filed March 19, 2021 (Dkt. 21) ("Fee Petition").

## BACKGROUND

Plaintiff commenced this action on May 1, 2018, pursuant to Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on February 6, 2018, for Social Security Disability Insurance under Title II of the Act ("SSDI"), and Supplemental Security Income ("SSI") under Title XVI of the Act (together, "disability benefits"). Opposing motions for judgment on the pleadings were filed by Plaintiff on December 5, 2018 (Dkt.10), and by Defendant on February 4, 2019 (Dkt. 13), and in a Decision and Order filed August 17, 2020 (Dkt. 16) ("D&O"), judgment on the pleadings was granted by the undersigned in favor of Plaintiff, based on a disability onset date of June 6, 2011, such that Plaintiff was entitled to SSI, but not SSDI, with the matter remanded to the Commissioner for calculation of benefits. On November 17, 2020, in connection with the remand, Plaintiff applied for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Dkt. 18), in the amount of $ 5,581.53 ("EAJA fee"), which amount the undersigned approved in a Decision and Order filed December 22, 2020 (Dkt. 20). As of March 19, 2021, Plaintiff's attorney averred the EAJA fee had yet to be received. (Dkt. 21-2 ¶ 12). On March 5, 2021, the SSA issued a Notice of Award

granting Plaintiff disability benefits including $ 86,801.85 in retroactive benefits, of which 25% or $ 21,700.46 was withheld to pay Plaintiff's attorney fees.  On March 19, 2021, Plaintiff filed the instant Fee Petition (Dkt. 21) pursuant to 42 U.S.C.§ 406(b), seeking $ 21,700.46 in attorney fees based on 26.7 hours of work, and indicating the EAJA fee had yet to be received (Dkt. 21 at 2).  In response, the Commissioner asks the court to determine the reasonableness of the fee request, as well as that the court order Plaintiff's attorney return the EAJA fee if received (Dkt. 25 at 1-2), but does not otherwise oppose the Fee Petition.  Plaintiff did not file any further reply.

## **DISCUSSION**

As relevant to the instant motion, the Act provides

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A) ("§ 406").

Here, in retaining counsel in connection with her disability benefits application, Plaintiff executed a contingent Fee Agreement[2] providing counsel with permission to apply for fees up to 25% of any retroactive benefits awarded under § 406 if Plaintiff's disability benefits application required litigation in federal court.

Even if the requested attorney fee does not exceed the statutory 25% cap, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Where, as here,

---

[2] A copy of the Fee Agreement is filed as Dkt. 21-4.

3

there exists an attorney-client contingent fee agreement, "§ 406 does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of any such arrangements as an independent check to assure that they yield reasonable results in particular cases."  *Id*.  Contingent fee agreements are also entitled to some deference, *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990), in the interest in assuring that attorneys continue to represent clients such as Plaintiff.  *Gisbrecht*, 535 U.S. at 805.  Nevertheless, contingent fee agreements "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."  *Id*.  As such, "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id*.

      The Second Circuit Court of Appeals has identified three factors to be considered in determining whether to approve the full amount of attorney fees requested under a contingent fee agreement, including (1) whether the requested fee is within the 25% statutory cap; (2) whether there was any fraud or overreaching in making the contingent fee agreement; and (3) whether the requested fee is so large as to be a "windfall" to the attorney if approved.  *Wells*, 907 F.2d at 372.  The court is also required to assess whether the requested fee is inconsistent with the character of the legal representation and the results achieved by legal counsel, as well as whether counsel effected any unreasonable delay in the proceedings to increase the retroactive benefits and, consequently, the attorney's own fee.  *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht*, 535 U.S. at 808).  Here, the Commissioner does not specifically challenge the amount of the attorney fees requested in the Fee Petition but,

rather, merely requests the court review the reasonableness of the requested fees. Dkt. 25 at 2. Further, the amount of attorney fees requested does not exceed the statutorily permitted 25% of the retroactive disability benefits, and nothing in the record suggests there was any fraud or overreaching in making the contingent fee agreement and, accordingly, the court limits its review to whether the amount of fees requested in the Fee Petition is reasonable or would be a windfall to counsel.

Plaintiff's counsel requests as attorney fees $ 21,700.46, which is equal to the statutory 25 % cap based on the $ 86,801.85 retroactive disability benefits awarded Plaintiff. Dividing the requested fee of $ $ 21,700.36 by 26.7 hours results in an hourly rate of $ 812.75. When analyzing whether a fee award is reasonable or amounts to a windfall to the attorney, courts consider whether (1) the attorney's efforts were particularly successful, (2) the attorney expended effort through pleadings that were not boilerplate and arguments requiring research and issues of material fact, and (3) the attorney, based on his experience litigating Social Security matters, handled the case with efficiency. *McDonald v. Comm'r of Soc. Sec.*, 2019 WL 1375084, at * 2 (W.D.N.Y. Mar. 27, 2019) (citing *Wargo v. Colvin*, 2016 WL 787960, at *2 (W.D.N.Y. Mar. 1, 2016)).

In the instant case, it cannot be denied that counsel's efforts in this matter were clearly successful as they resulted in an award of benefits to Plaintiff upon remand. Plaintiff's counsel asserts he expended a total of 26.7 hours representing Plaintiff in this matter, including, *inter alia*, reviewing the decision of the Administrative Law Judge ("ALJ") denying Plaintiff benefits at the administrative level, reviewing the administrative record, preparing and filing the complaint and motion to proceed *in forma pauperis*,

preparing and filing certificate of service, researching, drafting, reviewing and filing the motion for judgment on the pleadings, which included a memorandum of law in support of Plaintiff's claim, preparation of a reply, and preparing and filing the EAJA motion. Dkt. 21-2 at 2-3.  Given the amount and type of work required in this action, this hourly rate of $ 812.75 would be consistent with fees awarded in similar cases.  See, e.g., McDonald, 2019 WL 1375084, at * 2-3 (approving attorney fee award of $ 30,602.75 for 29.1 hours of work resulting in hourly rate of $ 1,051.64); Joslyn v. Barnhart,  389 F.Supp.2d 454, 455-56 (W.D.N.Y. 2005) (approving attorney fee award of $ 38,116.50 for 42.75 hours of work resulting in hourly rate of $ 891.61).

Further, although Defendant notes several cases where courts have reduced fees approaching $ 1,000 per hour, the reduction was attributed to the modest amount of work performed on the case.  See, e.g., Mitchell v. Astrue, 2019 WL 1895060, at * 5 (E.D.N.Y. Apr. 29, 2019) (awarding attorney fees at $ 500 hourly rate where the plaintiff's attorney expended only 1.6 hours on the case before the Commissioner agreed to remand); and Devenish v. Astrue, 85 F.Supp.3d 634, 638 (E.D.N.Y. 2015) (awarding § 406(b) fees in amount reflecting hourly rate reduced to $ 350 from $ 1,000 where plaintiff's attorney never prepared any memorandum of law nor advanced any legal arguments because the matter was remanded to the SSA by stipulation).  In contrast, here, the record shows the Plaintiff's counsel reviewed the entire record and prepared the necessary pleadings, motions, and memoranda of law.

In these circumstances, the court finds the hourly rate  of $ 812.75 is not unreasonable, such that the requested fees of $ 21,700.46 for 26.7 hours of work also is not unreasonable.

**CONCLUSION**

Based on the foregoing, Plaintiff's Fee Petition seeking attorney fees pursuant to § 406(b) (Dkt. 21) is GRANTED; Plaintiff's counsel is are awarded $ 21,700.46 in fees to be paid from the funds withheld from Plaintiff's retroactive benefits award.  Plaintiff's counsel is directed to remit to Plaintiff the $ 5,581.53 awarded for the EAJA fee award if such amount has been received.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     April 27th, 2021
           Buffalo, New York